United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:24-mj-00142-3 |
| | § | |
| KEVEN ARMANDO MARCANO | § | |

## OPINION AND ORDER

On April 10, 2024, I ordered that Defendant Keven Armando Marcano ("Marcano") be released from custody pending trial subject to certain conditions. This Opinion and Order explains the reasoning behind that decision.

## BACKGROUND

Marcano is a United States citizen. He is 23 years old and has lived in Lorain, Ohio all his life. He resides with his mother, his girlfriend, and their five-month-old child in Ohio. Marcano has been employed for the past six years by a lawn care business in Ohio. He has no criminal history. None.

On April 3, 2024, the Government filed a Criminal Complaint, charging Marcano and three others with taking several illegal aliens hostage, and threatening to kill, injure, or continue to detain them unless a ransom was paid. Marcano is charged with violating 18 U.S.C. § 1203 (hostage taking) and 18 U.S.C. § 371 (conspiracy to commit same).

The Government has moved for pretrial detention, arguing Marcano is a flight risk and a danger to the community. On April 9, 2024, I held a detention hearing. FBI Special Agent Patrick Lewis presented live testimony, and counsel—both for the Government and Marcano—offered oral argument on the detention issue. I entered into evidence the pretrial services report, which recommended that Marcano be released pending trial. The Government entered several photos into evidence.

At the close of the April 9 hearing, I stated that I firmly believed there are conditions that I can impose to alleviate any risk of flight or danger to the

community. One of those conditions is to appoint Marcano's sister, Kiana Marcano ("Kiana"), as a third-party custodian. As a general rule, I require that a proposed third-party custodian appear before me so I can explain the third-party custodian's responsibilities, and confirm the individual's willingness to serve. Because Kiana did not attend the April 9 detention hearing, I continued the detention hearing until April 10 and ordered Kiana to appear at that hearing by Zoom. Kiana resides in Lorain, Ohio with her boyfriend and two minor children.

On April 10, I reconvened the detention hearing. Kiana appeared via Zoom and confirmed that she would supervise her brother in accordance with all conditions of release, and use every effort to assure his appearance at all scheduled court proceedings. I then ordered Marcano be released under certain conditions. These conditions include, among others, an ankle monitor and home detention. I further ordered Marcano to reside with his sister in Lorain, Ohio. At the close of the hearing, I explained that I would issue a written opinion to further explain my reasoning. I also stayed my decision until 10 a.m. on April 12, 2024 to allow the Government an opportunity to appeal my decision.

## LEGAL STANDARD

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning[:] (1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental

condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Although the Bail Reform Act creates a rebuttable presumption in favor of detention in certain types of cases, no such presumption applies here. *See id.* § 3142(e)(2)–(3). The determination of whether conditions of release can be imposed that will reasonably assure the appearance of the person as required is made using the preponderance-of-the-evidence standard, while the determination of whether conditions of release can be imposed that will reasonably assure the safety of any other person and the community is made using the clear-and-convincing-evidence standard. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). If the Government seeks pretrial detention, it bears the burden of persuasion on both determinations but need only prevail on one of them, as "a detention order may rest on a determination that no condition or combination of conditions will reasonably assure either the defendant's appearance *or* the safety of the community." *Hare*, 873 F.2d at 799.

## ANALYSIS

I am convinced pretrial release is appropriate in this case. I will address those factors the Bail Reform Act requires me to consider.

### A.   THE NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED

The first statutory factor, the nature and circumstances of the offense charged, favors pretrial detention. Marcano is alleged to have participated in a carefully orchestrated plot to threaten individuals with violence. Weapons were used in the commission of this alleged crime. If convicted, Marcano faces a maximum of life in prison. The severity of this sentence unquestionably weighs in

favor of pretrial detention. *See United States v. Almasri*, No. 4:07-cr-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007) (finding that the first factor weighed in favor of detention when the defendants "face[d] a maximum sentence of ten years and the possibility of a higher sentence if multiple counts of conviction occur[red] and result[ed] in consecutive penalties").

That said, even if I believe Marcano engaged in the underlying crime for which he is charged, that is not sufficient, taken alone, to justify pretrial detention. As one federal judge noted:

> And, so, although the Court can consider the nature and circumstances of the charged offense, the Court cannot detain based only on alleged past conduct, without finding based on "clear and convincing evidence that an arrestee presents an identified and articulable [future or ongoing] threat to an individual or the community", that is, "[clear and] convincing proof that the arrestee, already indicted or held to answer for a serious crime, presents a demonstrable danger to the community" or to an individual, "which no condition [or combination of conditions] of release can dispel." . . . Detaining a defendant based on dangerousness due to alleged past conduct, without the required finding, would amount to punitive incarceration for a charged offense for which the defendant has not been convicted.

*United States v. Roberson*, 547 F. Supp. 3d 560, 566–67 (N.D. Tex. 2021) (quoting *Salerno*, 481 U.S. at 750–52).

**B.    THE WEIGHT OF THE EVIDENCE AGAINST MARCANO**

The second statutory factor, the weight of the evidence against Marcano, also favors pretrial detention. Significant evidence links Marcano to the hostage-taking scheme. The evidence also indicates that Marcano possessed a weapon on his person during the commission of the alleged crime. Although this factor tilts in favor of pretrial detention, "courts have found this factor to be of least importance in the detention determination." *United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex.), *aff'd*, 341 F. App'x 979 (5th Cir. 2009). Despite the gravity of the offenses involved here, I believe, as discussed below, that there is a combination of conditions that will reasonably assure the safety of others or the community.

### C.   THE HISTORY AND CHARACTERISTICS OF MARCANO

The third statutory factor, the history and characteristics of Marcano, clearly favors release. In terms of flight risk, Marcano has lived in Lorain, Ohio his entire life. He has no passport and no connections overseas. If he were to flee, where would he go? *See id.* at 756 ("The ties to the locality, including family ties, must be the 'sort of family ties from which [the court] can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence.'" (quoting *United States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992))). I also have no reason to believe Marcano has the financial resources to flee, especially since I found him financially eligible to receive the appointment of counsel. I am convinced that his sister will ably serve as a third-party custodian, ensuring his appearance at all court hearings and his adherence to the conditions of release that I imposed.

On the danger issue, the most important consideration is that Marcano has no criminal record. This case represents the first time criminal charges have been brought against him. At the time of the charged offense, Marcano was in Houston visiting a friend. That friend, who was one of the other individuals charged in the hostage-taking plot, has been detained pending trial. As a result, I am not worried about Marcano engaging in any further criminal activity with that individual. By requiring Marcano to live with his sister in Ohio, he is far away from the locale where the alleged crime occurred. Additionally, I am confident that home detention and an ankle monitor will assure the safety of the community.

The Government's position boils down to this: the offense Marcano allegedly committed was heinous and he should be detained as a result. That is not—and has never been—the law. Pretrial release is not appropriate "in every case in which the government charges a defendant with a crime that is considered particularly serious . . . or for which the government has strong evidence, or for which the defendant is exposed to a lengthy sentence." *Roberson*, 547 F. Supp. 3d at 565. If that were the law, the Bail Reform Act's pretrial release provisions would be

meaningless because every defendant accused of a serious crime would be automatically detained pending trial. The Bail Reform Act simply "does not authorize detention because it is time for such a defendant to start 'doing his time' or because he deserves to be locked up immediately due to his offense conduct." *Id*. The Government must show more.

### D.  DANGER TO ANY PERSON OR THE COMMUNITY

The fourth statutory factor, the nature and seriousness of the danger to any person or the community that would be posed by Marcano's release, squarely favors release. Again, the fact that Marcano has no criminal history strongly supports pretrial release. Additionally, I am confident that strict conditions—home detention, an ankle monitor, and a third-party custodian—are sufficient to alleviate any danger Marcano poses to society. The fact that Marcano will be with his family in Ohio, far away from the locality of the criminal acts for which he is alleged to have committed in Texas, provides further assurances to me that pretrial release is appropriate. To order a defendant detained on dangerousness grounds, the Government must "prove[] by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community." *Salerno*, 481 U.S. at 751. It has not done so here.

## CONCLUSION

In sum, the Government has not met its burden under the governing law to show by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Marcano's appearance if he were released. Likewise, the Government has not established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Marcano were released. In making this determination, I have considered the testimony of the case agent, the arguments of counsel, and the report of the pretrial services officer, all in light of the factors listed in § 3142(g). Accordingly, I ordered Marcano released from

custody pending trial subject to those conditions of release that I imposed separately.

    SIGNED this 11th day of April 2024.

_____<br>
ANDREW M. EDISON<br>
UNITED STATES MAGISTRATE JUDGE