United States District Court
Southern District of Texas
**ENTERED**
April 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | CASE NO. H-24-MJ-142 |
| KEVIN ARMANDO MARCANO, ELLOY M FIGUEROA PEDRAZA, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

This is an appeal from a determination by a magistrate judge to release on pretrial bond two defendants alleged to have participated with others in a hostage taking for ransom plot. Because the court is persuaded that the decision to release gave insufficient weight to the factors showing a risk of flight, the court revokes the bonds and reverses the magistrate judge's bond determination.

Elloy M. Figueroa Pedraza is 22, a U.S. citizen, and a resident of Lebanon, Pennsylvania, where he works as an auto mechanic. Keven Armando Marcano is 23, a U.S. citizen, and a resident of Lorain, Ohio, where he works for a lawn care business. He has a five-month-old child. He lives with his mother, girlfriend, and child. Neither Pedraza nor Marcano have adult criminal convictions. Neither has a passport.

Both men have been charged with being part of a scheme to take undocumented individuals crossing the border illegally hostage and hold them at gunpoint, threatening to kill or injure or continue to hold them unless a ransom was paid. The government presented evidence at the hearing that the FBI Hostage Rescue Team executed a search warrant at a house in Houston, Texas

suspected of being used to hold hostages. Both Pedraza and Marcano were arrested there. Testimony showed that Pedraza tried to hide a gun as law enforcement entered the house. Security camera footage and statements from the hostage victims showed that both Marcano and Pedraza were among the alleged kidnappers who brandished guns at the hostages, slapped them, took their shoes and cell phones, and repeated threats that they would not be released until their families paid the ransom. Pedraza was one of the kidnappers who made phone calls demanding money from the victims' families. Pedraza lied to the arresting officers, telling them that he was visiting his father—but he did not know his father's address.

On this record, Judge Edison released these two defendants on pretrial bond in their hometowns in Ohio and Pennsylvania, subject to ankle monitoring, home detention, and supervision by family members who agreed to be third party custodians and with whom the defendants would have to reside—Pedrazo's mother and Marcano's sister. (Docket Entry Nos. 25, 26). The government moved to revoke the bonds and have the defendants taken into pretrial custody.

The defendants are charged with hostage taking, in violation of 18 U.S.C. § 1203. The crime carries a maximum sentence of life in prison. Under the Guidelines, the likely range is between 210 to 365 months, depending on whether the defendants plead guilty and receive acceptance.

Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court must take into account the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a

2

>minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* at § 3142(g).

Although the nature of the crime and the severity of the potential sentence are not determinative, they may weigh in favor of detention. *United States v. Almasri*, No. 4:07-CR-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007). The nature and the circumstances of the offense in this case are particularly egregious and sinister. The alleged acts of these defendants— not merely other participants in the hostage-taking scheme—included holding victims hostage at gunpoint; making threats of death, injury, or continued detention unless the families families paid ransom; brandishing firearms at the victims; taking the victims' shoes and cell phones; and beating the victims. These are acts of violence. The evidence of these acts by the defendants includes security footage and eyewitness statements; the evidence is strong. This factor weighs in favor of detention.

The history and characteristics of the two defendants do not weigh in favor of detention. The defendants have no other adult criminal convictions. They have family ties to their respective communities. They appear to have limited financial resources. However, their family ties to their towns in Pennsylvania and Ohio and their limited financial resources did not keep them from traveling to Houston and taking part in a hostage taking for ransom scheme.

Finally, the acts committed by the defendants weighs in favor of finding a potential danger to the community. The organized nature of the criminal activities in which they played a part

supports an inference that the defendants may have access to aid for flight to avoid trial or a guilty plea and sentencing. And these defendants have demonstrated a willingness to hold victims, against their will, for money, at gunpoint, and to beat them during the ordeal.

The court does not find that being confined to a mother's or a sister's home, and wearing ankle monitors, is enough to provide reasonable assurances against the risk of flight and of the safety of the community. These young men face very long sentences. They have demonstrated their willingness to travel far from home and to take part in criminal activities of a violent nature. A Zoom statement of a family member who signed an unsecured pledge that she would make sure the defendant complied with the conditions of pretrial release is not sufficient assurance against the risk of flight by a defendant who has strong reasons to flee. Although the history and characteristics do not weigh towards detention, all the other statutory factors weigh against releasing the defendants.

The standard under the Bail Reform Act does not support finding that the conditions of release imposed by the magistrate judge are sufficient to reasonably ensure the appearance of the defendants and the safety of the community. A preponderance of the evidence suggests that there is no condition or combination of conditions that will reasonably assure Marcano and Pedraza's appearances if they were released. The government's motion to revoke bond is granted.

SIGNED on April 18, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge