Case 4:24-cr-00225   Document 98   Filed 07/17/24 in TXSD   Page 1 of 4

United States Courts
Southern District of Texas
FILED

July 17, 2024

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § | CRIMINAL NO. 4:24-CR-225 |
| LUIS DURAN MONTILLA § | |
| GERSON ADONY CHICAS ALFARO § | |
| KEVEN ARMANDO MARCANO § | |
| ELLOY FIGUEROA PEDRAZA, § | |
| CITLALI MARTINEZ-MORALES, § | |
| FRAYNERSON PUJOLS REYNOSO § | |
| JESUS SALGADO § § | |
| Defendants, § | |

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

### Aiding and Abetting Kidnapping

On or about March 19, 2024 continuing through on or about April 5, 2024, in the Southern District of Texas,

**LUIS DURAN MONTILLA
GERSON ADONY CHICAS ALFARO
KEVEN ARMANDO MARCANO
ELLOY FIGUEROA PEDRAZA
CITLALI MARTINEZ-MORALES
FRANYERSON PUJOLS REYNOSO
JESUS SALGADO**

defendants herein, aiding and abetting each other and others known and unknown to the grand jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold for otherwise the defendants' own benefit and purpose victims W.M., D.T., F.A. and S.H., without the consent of W.M., D.T., F.A. and S.H., and willfully seized, confined, inveigled, kidnapped, abducted, carried away, and held the victims, and such acts were in interstate or foreign commerce and the defendants used means, facilities or instrumentalities of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

1

In violation of Title 18, United States Code, §§ 1201(a) and 2.

## COUNT TWO

### Aiding and Abetting Hostage Taking

On or about March 19, 2024 continuing through on or about April 5, 2024, in the Southern District of Texas,

**LUIS DURAN MONTILLA**
**GERSON ADONY CHICAS ALFARO**
**KEVEN ARMANDO MARCANO**
**ELLOY FIGUEROA PEDRAZA**
**CITLALI MARTINEZ-MORALES**
**FRANYERSON PUJOLS REYNOSO**
**JESUS SALGADO**

aiding and abetting each other and others known and unknown to the Grand Jury, did intentionally seize and detain and threaten to kill, injure, and continue to detain hostages W.M., D.T., F.A. and S.H. in order to compel a third person, namely, relatives and associates of hostages W.M., D.T., F.A. and S.H., to do an act, that is, to pay a sum of money, and to abstain from contacting law enforcement about the detention of W.M., D.T., F.A. and S.H., as an explicit or implicit condition for the release of the hostages W.M., D.T., F.A. and S.H.

In violation of Title 18, United States Code, §§ 1203 and 2.

## FORFEITURE NOTICE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 18 USC § 981(a)(1)(G), and 28 U.S.C. § 2461(c).

Upon conviction of the offenses alleged in Count Two in this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d), 18 USC § 981(a)(1)(G), and 28 U.S.C. § 2461(c) or otherwise abandon any property, real or personal, which was involved in or facilitated the offenses, including, but not limited to the following: 1) Smith & Wesson SD9, S/N: FBH7823, 2) Glock 21 Gen 4, S/N: AFNT399, 3) Taurus G3 9mm, S/N: ADE324845, 4) Sig

Sauer SP2022 9mm, S/N: 24B380931 with light attachment, and 5) 2011 dark blue Mercedes Benz, C Class, TX Temp Tag:5157E87, VIN: WDDGF8BB0BR170986.

Upon conviction of the offenses alleged in Counts One and/or Two in the Indictment, the defendant shall forfeit to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) or otherwise abandon any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses, including, but not limited to the following: 1) $13,000.00 U.S. Currency seized in the house where the victims were rescued and 2) any other ransom payments received through Zelle, Western Union or other means.

If any of the property described above, as a result of any act or omission of the defendant:

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred or sold to, or deposited with, a third party;

c)   has been placed beyond the jurisdiction of the court;

d)   has been substantially diminished in value; or

e)   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

*Original Signature on File*
**FOREPERSON OF THE GRAND JURY**

**ALAMDAR S. HAMDANI**
**UNITED STATES ATTORNEY**

BY: _/s/ John S. Ganz_
**John S. Ganz**
**Assistant United States Attorney**

4